```
1
2
3
4
5
```

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH LEWIS FAULKNER, | ) | 1:08-cv-00806 YNP DLB (HC) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | [Doc. #26] |
| | ) | |
| MULE CREEK STATE PRISON, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR A 60 DAY EXTENSION OF |
| Respondent. | ) | TIME TO FILE TRAVERSE |
| | ) | [Doc. #25] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Both parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. #8, 14)

On May 1, 2009, this Court denied Petitioner's motion to stay. (Doc. #24). On May 11, 2009, Petitioner filed a Motion for Reconsideration of that Order. (Doc. #26).

On May 8, 2009, Petitioner filed a motion for a 60 day extension to file a traverse to Respondent's answer to the petition. (Doc. #25).

**MOTION FOR RECONSIDERATION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment."

Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

**Legal Standards**

In his motion to stay, Petitioner argued that he had good cause for not including his new claims in his original petition. (Doc. #22). Petitioner cited to Rhines v. Webber, 544 U.S. 269 (2005), which requires a petitioner to show good cause for why his petition should be stayed and put in abeyance while he exhausts his unexhausted claims. See Rhines, 544 U.S. 269; see also King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). On May 1, 2009, the Court issued an order finding that Petitioner failed to show good cause under Rhines and denied the stay. (Doc. #24).

On May 5, 2009, the 9th Circuit Court of Appeals handed down King v. Ryan, 564 F.3d 1133, which clearly specified two possible analyses by which to decide a motion to stay. One analysis is Rhines, where, in limited circumstances and upon the court's discretion, a petitioner can have his entire petition stayed and placed in abeyance while he exhausts the unexhausted claims in state court. King, 564 F.3d at 1135-36. The second analysis is the Kelly three-step procedure. Under Kelly, a petitioner first amends his mixed petition to delete any unexhausted claims. Next the court will stay and hold in abeyance the amended, and now fully exhausted, petition while the petitioner exhausts the deleted claims in state court. Finally, the petitioner amends his stayed petition to re-attach the now fully exhausted claims that he deleted before. King, 564 F.3d at 1135; Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002).

There are two distinct differences between Rhines and Kelly. First, Rhines stays and holds in abeyance both the exhausted and unexhausted claims where as Kelly requires the petitioner to delete the unexhausted claims and only stays and holds in abeyance the fully exhausted petition. This is an important distinction because under Kelly a petitioner would still have to amend to re-allege his deleted claims within the original one year statue of limitation set forth by the Anti-Terrorism and Effective Death Penalty Act of 1996. In other words the statute of limitations may run on the dismissed claims while Petitioner proceeds in state court. King, 564 F.3d at 1138-39; 28 U.S.C. § 2244(d)(1). A Rhines petitioner, however, would not have to worry about the statute of limitation because his unexhausted claims would not have left federal court. King, 564 F.3d at 1139, 1140 (citing Rhines, 544 U.S. at 277).

The second difference between the two analyses is that Rhines requires a showing of good cause, while Kelly does not. King, 564 F.3d at 1140. Even though Kelly does not require a showing of good cause, the Court was clear that the "district courts retain the same degree of discretion they had before Rhines to implement the Kelly procedure..." King, 564 F.3d at 1141.

**Discussion**

This Court maintains its holding in the Order Denying Petitioner's Motion to Stay that Petitioner relied specifically on Rhines as authority for his motion and failed to meet that standard of good cause. However, Petitioner did also allude to the Kelly three step process briefly in his motion.[1] Thus, in light of the recent King decision that was filed between this Court's order and Petitioner's motion for reconsideration, the Court will analyze Petitioner's motion under Kelly as well. (Doc. #22 at 2).

As mentioned above, Kelly is a way for a petitioner to delete his unexhausted claims and hold the remaining exhausted claims in abeyance until the unexhausted claims be exhausted in state court and re-attached. In this case, Petitioner does not have any unexhausted claims he seeks to delete, he just wants to stay his petition so he can add new claims once they are through the state court. This situation is different from that articulated in Kelly because under a normal Kelly procedure the court and the respondent would both have notice of the claims that Petitioner will seek to re-attach. This case in particular poses a serious notice problem. Not only did Petitioner not bring his unexhausted claims in

---

[1] Petitioner writes "It is error for the trial court to simply dismiss a mixed petitioner, without offering petitioner the opportunity to amend the petition, to delete the exhausted claims." (Doc. #22 at 2).

1 his original petition, but he waited five months until after Respondent filed an answer to request a stay
2 and abeyance. Because Petitioner did not give any notice to the Court or Respondent about the
3 possibilities of these new claims and because he filed his motion to stay in such an untimely manner, the
4 Court exercises its discretion not to implement the <u>Kelly</u> procedure. Accordingly, Petitioner's motion
5 for reconsideration is DENIED.

## MOTION FOR 60 DAY EXTENSION

7     Respondent filed an answer to the petition for writ of habeas corpus on October 6, 2008, to which
8 Petitioner had thirty days to respond. Petitioner did not file his request for a sixty day extension until
9 May 8, 2009-a full six months after his deadline had passed. Petitioner's motion for a 60 days extension
10 is untimely and therefore DENIED.

## ORDER

12 Accordingly, it is hereby ordered that:
13     1)    Petitioner's motion for reconsideration is DENIED; and
14     2)    Petitioner's motion for a sixty day extension is DENIED.

16    IT IS SO ORDERED.
17    **Dated:**   **June 26, 2009**           **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE